No. 25-11778-A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

FREDDIE CAGLE,

    *Plaintiff-Appellee/Cross-Appellant,*

v.

NATIONAL INDEMNITY COMPANY OF THE SOUTH,

    *Defendant-Appellant/Cross-Appellee,*

OLD REPUBLIC INSURANCE COMPANY,

    *Defendant-Appellant/Cross-Appellee.*

On Appeal from the United States District Court
for the Northern District of Georgia
Case No. 2:23-cv-00140-RWS

## NATIONAL INDEMNITY COMPANY OF THE SOUTH'S RESPONSE TO JURISDICTIONAL QUESTION

| | |
|---|---|
| Mark A. Barber | Laurence J. Rabinovich |
| Melody H. Demasi | |
| BAKER DONELSON BEARMAN | BARCLAY DAMON LLP |
| CALDWELL & BERKOWITZ, PC | 1270 Avenue of the Americas, Ste 2310 |
| 3414 Peachtree Rd NE, Ste 1500 | New York, NY 10020 |
| Atlanta, GA 30326 | Telephone: 212.784.5824 |
| Telephone: (404) 577-6000 | Facsimile: 212.784.0913 |
| mbarber@bakerdonelson.com | lrabinovich@barclaydamon.com |
| mdemasi@bakerdonelson.com | |

*Attorneys for Defendant-Appellant/Cross-Appellee*
*National Indemnity Company of the South*

*Freddie Cagle v. National Indemnity Company of the South*, Appeal No. 25-11778

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, 26.1-3, and 26.1-4, Appellant National Indemnity Company of the South furnishes the following Certificate of Interested Persons and Corporate Disclosure Statement listing all persons and entities known to this filer to have an interest in the outcome of this appeal:

1. Alexander, Mark (Counsel for Appellee/Cross-Appellant)

2. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Counsel for Appellant/Cross-Appellee National Indemnity Company of the South)

3. Barber, Mark (Counsel for Appellant/Cross-Appellee National Indemnity Company of the South)

4. Barclay Damon, LLP (Counsel for Appellant/Cross-Appellee National Indemnity Company of the South)

5. Berkshire Hathaway, Inc. (Parent corporation of Appellant/Cross-Appellee National Indemnity Company of the South; ticker symbols "BRK.A" and "BRK.B")

6. Bondurant, Mixson & Elmore, LLP (Counsel for Appellee/Cross-Appellant)

7. Brantley, Terry (Counsel for Appellant Old Republic Insurance Company)

8. Cagle, Freddie (Appellee/Cross-Appellant)

9. Demasi, Melody (Counsel for Appellant/Cross-Appellee National Indemnity Company of the South)

10. Ellis, Danny (Counsel for Appellee/Cross-Appellant)

11. Fields, Dahlin (Counsel for Appellant Old Republic Insurance Company)

12. Gould, Andrew (Counsel for Appellee/Cross-Appellant)

13. Marsh Atkinson & Brantley (Counsel for Appellant Old Republic Insurance Company)

14. National Indemnity Company of the South (Appellant/Cross-Appellee)

15. Old Republic Insurance Company (Appellant)

16. Old Republic International Corporation (Parent company of Appellant Old Republic Insurance Company; ticker symbol "ORI")

17. Page, E. Allen (Counsel for Appellee/Cross-Appellant)

18. Princenthal, May & Wilson, LLC (Counsel for Appellee/Cross-Appellant)

19. Rabinovich, Laurence (Counsel for Appellant/Cross-Appellee National Indemnity Company of the South)

20. Ramachandrappa, Naveen (Counsel for Appellee/Cross-Appellant)

21. Stewart, Melvin & Frost, LLP (Counsel for Appellee/Cross-Appellant)

22. Story, Richard (U.S. District Judge)

23. Truck Wreck Justice, PLLC (Counsel for Appellee/Cross-Appellant)

24. Yancey, Benjamin (Counsel for Appellant Old Republic Insurance Company)

Appellant National Indemnity Company of the South further states that it is a wholly owned indirect subsidiary of Berkshire Hathaway, Inc., a publicly traded corporation.

*Freddie Cagle v. National Indemnity Company of the South*, Appeal No. 25-11778

**RESPONSE TO JURISDICTIONAL QUESTION**

### I. INTRODUCTION

On June 23, 2025, this Court asked the parties to address whether Cross-Appellant Freddie Cagle ("Cagle") has standing to appeal given that the district court granted Cagle's Motion for Reconsideration [Dkts. 115, 119] and entered an amended judgment in Cagle's favor [Dkt. 120]. For the following reasons, National Indemnity Company of the South ("NICO") does not take a position on whether the court has jurisdiction over Cagle's Cross-Appeal.

### II. RELEVANT PROCEDURAL HISTORY

Relevant to the instant Cross-Appeal are opposing arguments made by Old Republic Insurance Company ("ORIC") and Cagle in their summary judgment briefing below on issues raised by ORIC's Tenth Affirmative Defense [Dkt. 27 at 3]—namely, whether the MSC-90 endorsement ORIC issued to One Way Hauling Express Co. ("One Way") was voided under O.C.G.A. § 33-24-7(b), which provides that:

> (b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
>
> (1) Fraudulent;
>
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

> (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

O.C.G.A. § 33-24-7(b).

In its original Order on the parties' motions for summary judgment (the "original Order") [Dkt. 113], the district court *granted* ORIC's Motion for Summary Judgment [Dkt. 96] and *denied* Cagle's Renewed Motion for Summary Judgment [Dkt. 90] on the basis of this affirmative defense. [Dkt. 113 at 47-49]. In his Motion for Reconsideration [Dkt. 115], Cagle argued that the district court "erred by applying Georgia law concerning an omission [i.e., O.C.G.A. § 33-24-7(b)] to override the public policy purposes of the federally mandated MCS-90 coverage." [Dkt. 115 at 2].

The district court agreed, accepting Cagle's argument that "federal law, not state law, govern[ed] applicability of the MCS-90 endorsement" and that "rescission of the liability policy [under O.C.G.A. § 33-24-7(b) did] not require voiding the MCS-90 public protection coverage." [Dkt. 119 at 2-3]. Having already rejected ORIC's remaining defenses [*see generally* Dkt. 113], the district court held that Cagle was entitled to payment of ORIC's MCS-90 endorsement. [Dkt. 119 at 7]. The

*Freddie Cagle v. National Indemnity Company of the South*, Appeal No. 25-11778

district court clerk then entered an Amended Judgment in Cagle's favor accordingly. [Dkt. 120].

## III. ISSUES PRESENTED BY CROSS-APPEAL

Cagle's basis for his Cross-Appeal are enumerated in his Civil Appeal Statement:

> (1) Whether the District Court's rulings in the original Order [Dkt. 113] as to issues (2)–(4) below retain any force or are adverse to Plaintiff after the Order on Reconsideration [Dkt. 119];
>
> (2) Whether [ORIC] established a defense under O.C.G.A. § 33-24-7(b), or related Georgia law, as a matter of law;
>
> (3) Whether [Cagle] defeated [ORIC's] defense under O.C.G.A. § 33-24-7(b), or related Georgia law, as a matter of law; and
>
> (4) Whether the Court erred in finding that One Way Hauling Express Co. (or its employees) submitted application information for Old Republic Policy/Surety No. Z-35726 and the associated MCS-90 Endorsements that contained a material omission.

[Doc. 20 at 5].

## IV. NICO'S RESPONSE

As discussed above, Cagle's Cross-Appeal focuses only on the district court's rulings on Cagle's and ORIC's cross motions for summary judgment on *ORIC's Tenth Affirmative Defense*. [*See generally, Id.*]. Importantly, however, Cagle did *not* Cross-Appeal from the district court's rulings on Cagle's and *NICO's* cross motions

3

*Freddie Cagle v. National Indemnity Company of the South*, Appeal No. 25-11778

for summary judgment on NICO's MCS-90 exposure. [*Id.*]. For this reason, NICO does not take a position on whether the court has jurisdiction over Cagle's Cross-Appeal.

Dated: July 7, 2025

| | |
|---|---|
| **BARCLAY DAMON, LLP** | */s/ Laurence J. Rabinovich* |
| 1270 Avenue of the Americas | LAURENCE J. RABINOVICH |
| New York, New York 10020 | New York Bar No.: 2033231 |
| Telephone: (212) 784-5800 | |
| lrabinovich@barclaydamon.com | |
| | |
| **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC** | */s/ Mark A. Barber* |
| | MARK A. BARBER |
| Monarch Plaza, Suite 1500 | Georgia Bar No. 036875 |
| 3414 Peachtree Road NE | MELODY H. DEMASI |
| Atlanta, Georgia 30326 | Georgia Bar No. 988861 |
| Telephone: (404) 577-6000 | |
| Facsimile: (404) 221-6501 | *Attorneys for Defendant National Indemnity Company of the South* |
| mbarber@bakerdonelson.com | |
| mdemasi@bakerdonelson.com | |

*Freddie Cagle v. National Indemnity Company of the South*, Appeal No. 25-11778

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains [1307] words.

I hereby certify that this brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) as it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

    /s/ *Mark A. Barber*
MARK A. BARBER
Georgia Bar No. 036875

## CERTIFICATE OF SERVICE

I hereby certify on July 7, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

    /s/ *Mark A. Barber*
MARK A. BARBER
Georgia Bar No. 036875